The People of the State of New York, Respondent, 
against
Richard Wahlers, Appellant. 

Law Offices of Richard L. Herzfeld, P.C. (Richard L. Herzfeld of counsel), for appellant.
Orange County District Attorney (William C. Ghee of counsel), for respondent.

Appeal from judgments of conviction of the City Court of Port Jervis, Orange County (Matthew D. Witherow, J.), rendered September 6, 2017. The judgments convicted defendant, upon jury verdicts, of attempted criminal sexual act in the third degree, unlawfully dealing with a child in the first degree and endangering the welfare of a child, respectively, and imposed sentences.
ORDERED that the judgments of conviction are affirmed.
Defendant was charged in separate accusatory instruments with attempted criminal sexual act in the third degree (Penal Law §§ 110.00, 130.40 [2]), unlawfully dealing with a child in the first degree (Penal Law § 260.20 [2]) and endangering the welfare of a child (Penal Law § 260.10 [1]), respectively. After a jury trial, defendant was found guilty of the charges.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find, contrary to defendant's contention, that it was legally sufficient to establish defendant's guilt of attempted criminal sexual act in the third degree, beyond a reasonable doubt. The proof at trial consisted of the police officer's testimony that defendant had driven the male victim, who was under 17 years old, to a secluded parking lot, defendant's statement to the police that he had purchased alcoholic beverage for the victim, the cans of which were found in defendant's vehicle, and defendant's acknowledgment to the police he and the victim had kissed and "messed around," and that he "would have given [the victim] oral sex if [the victim] were up for that."
We find defendant's remaining contentions, that his requests to substitute assigned [*2]counsel should have been granted and that the offense of endangering the welfare of a child is an inclusory concurrent count of both attempted criminal sexual act in the third degree and unlawfully dealing with a child in the first degree, to be without merit.
Accordingly, the judgments of conviction are affirmed.
ADAMS, P.J., TOLBERT and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 18, 2020